Eastern District of Kentucky
**FILED**

APR - 8 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**
**CIVIL ACTION NO. 03-178-DLB**

SHARON WRIGHT,                                    **PLAINTIFF**

V.

GRANT COUNTY DETENTION CENTER, et al.,            **DEFENDANTS**

## REPORT & RECOMMENDATION

### I.  BACKGROUND

The plaintiff in this case has been repeatedly warned to comply with the orders of this court or risk dismissal of her complaint for failure to prosecute.  Plaintiff was most recently ordered on February 17, 2005 to "show cause on or before **MARCH 16, 2005** why her case should not be dismissed for lack of prosecution and for failure to comply with prior orders of this Court." DE #34.  Plaintiff has filed no response.

In an order dated December 27, 2004, the procedural history of this case was summarized as follows:

> On October 26, 2004, plaintiff's counsel was granted leave to withdraw from representation following a hearing.  Plaintiff informed the court at the time that she intended to retain new counsel, and the court directed plaintiff to notify the court of the identity of new counsel not later than November 29, 2004.  As of December 6, the plaintiff had failed to comply with the court's order and no new counsel had entered an appearance.  Therefore, the court ordered plaintiff to show cause within fifteen (15) days for her failure to comply with the court's October 26, 2004 order.  The court warned plaintiff that any new failure to comply

with the court's orders could result in the dismissal of plaintiff's lawsuit with prejudice for failure to prosecute and failure to comply with the court's orders.

On December 10, 2004, the court received telephonic notice from defense counsel that plaintiff is presently incarcerated in the Grant County Jail. At the court's request, defense counsel transmitted a copy of plaintiff's booking record by facsimile to chambers. Having reviewed the record, it appears that plaintiff has been incarcerated since December 1, 2004 on charges of DUI, resisting arrest, criminal mischief 3rd and disorderly conduct. The record further reflects that on December 7, 2004, plaintiff was sentenced to ninety (90) days to serve in the Grant County Detention Center. Based upon plaintiff's incarceration date, it appears likely that plaintiff did not receive the court's December 6, 2004 order, which was served plaintiff at her home address.

On December 10, 2004, the court ordered the Clerk to serve a new copy of the court's December 6 Order upon plaintiff both at the Grant County Detention Center and at her home address, with future service to be on plaintiff at the Grant County Detention Center, in the absence of any further notice of a change of address from the plaintiff. The court further reminded plaintiff of her obligation to keep the court apprised of her current address, under threat of dismissal should she fail to do so. Finally, the court ordered plaintiff to comply with the court's December 6 "show cause" order.

On December 21, 2004, the undersigned magistrate judge received a document from plaintiff in correspondence form, dated 12/16/04, which the court will construe as plaintiff's response to the two recent orders. In the same document, plaintiff provides notice of a change of address. The document does not bear a certificate of service reflecting service upon the defendants.

Plaintiff does not explain her failure to comply with the court's October 26 order, which required her to notify the court no later than November 29 as to the

identity of new counsel.[1]   Therefore, she has failed
to show cause for her failure to prosecute this
litigation by complying with the court's October order.
Nevertheless, her response states that she continues to
try to obtain new counsel, and evinces her intent to
continue to prosecute her complaint.

In light of plaintiff's *pro se* status, the court
will excuse plaintiff's failure to comply with its
October 26 Order on this one occasion. ***Plaintiff is
forewarned***, however, that full compliance with the
court's orders will be expected in the future and ***that
even a partial failure to comply with the court's
orders may result in sanctions, including but not
limited to dismissal.***

DE #31 (footnote original, emphasis added).

The court's December 27, 2004 order directed plaintiff

specifically to "refrain from tendering or filing any additional

documents in correspondence form," to "serve upon each defendant,

or, if appearance has been entered by counsel, upon each

attorney, a copy of every further pleading or other document

submitted for consideration by the Court," and to "file a Status

Report indicating the name of new counsel, if any, on or before

**February 1, 2005.**"  Plaintiff again failed to comply with the

court's order, resulting in the most recent (February 17) order

directing her to "show cause" why her case should not be

dismissed for failure to prosecute.  As plaintiff has failed to

respond or otherwise comply with the court's February 17 order,

and as plaintiff's most recent failure to comply with the court's

---

[1]Plaintiff's incarceration on December 1 presumably would not
have impacted her ability to comply with the court's order in
November.

order follows a long history of similar noncompliance, plaintiff's case should be dismissed.

Dismissal is a severe sanction, but is recommended in this case because plaintiff has continually and deliberately failed to comply with the orders of this court. Plaintiff first failed to comply in any part with the court's October 26, 2004 order. Plaintiff next failed to comply with the court's December 6, 2004 order, despite partial "construed" compliance under threat of dismissal. Plaintiff next failed to comply with the court's December 10, 2004 order directing her to keep the court apprised of her current address or face dismissal for failure to prosecute.[2]

Plaintiff subsequently failed to comply with the court's December 27, 2004 order despite being expressly warned that even a partial failure to comply would subject her suit to dismissal. Noting plaintiff's *pro se* status, the court determined to provide plaintiff with a final opportunity to comply in its February 17,

---

[2]Plaintiff did file a notice of change of address on December 21, 2004, in response to the court's threat of dismissal for her failure to keep the court apprised of her current address. However, mail addressed to the Pendleton Street, Falmouth, Kentucky address which plaintiff requested has been returned as undeliverable. DE #35. The court has continued to provide dual service to plaintiff at the Grant County Jail in Williamstown, Kentucky, as a courtesy to plaintiff. Notably, the Grant County Jail address was provided to this court by *defendants* and has never been verified by plaintiff, despite the fact that jail records reflect plaintiff's incarceration there *prior* to her December 21, 2004 change of address request.

4

2005 order.  Again, plaintiff failed to comply.

Plaintiff continues to act without regard to the court's repeated (four) warnings that her case is subject to dismissal for failure to prosecute.  This court has been exceedingly forgiving of Ms. Wright's repeated lapses, in light of her *pro se* status and apparently continued incarceration in the Grant County Jail since December 1, 2004.

Although *pro se* litigants are often held to a more liberal pleading standard, this leniency is not without limits.  In *Jourdan v. Jabe,* 951 F.2d 108, 109-110 (6th Cir. 1991), the Sixth Circuit concluded that there is "no cause for extending this margin [of leniency] to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  In *Jourdan*, the court affirmed the dismissal of a case for failure to prosecute, pursuant to Rule 41(b), Fed. R. Civ. P., where the *pro se* litigant had "failed to adhere to readily comprehended court deadlines of which he was well-aware."  *Id.*  As in *Jourdan*, in this case there has been no demonstration that plaintiff's incarceration was responsible for her repeated failures to comply with the orders of this court.[3]  *See also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Brennan v. Cambridge Municipal*

---

[3]In fact, the ample prisoner litigation docket of this court demonstrates that incarceration is ordinarily no bar to litigation. All prisoners ordinarily have access to paper and writing implements and are permitted to send and receive legal mail.

*Court,* 168 F.3d 489 (6th Cir. 1998)(Table, text available on Westlaw).

It should be noted that on March 7 and again on March 10, 2005, the staff of the undersigned magistrate judge was contacted telephonically by a male who in the second call identified himself as "James Loneher" [spelling phonetic].  Mr. Loneher indicated that he was not an attorney, but that Ms. Wright had asked him to call the court to find out what she was "supposed to do" to keep her case in court.  On both occasions, Mr. Loneher was advised of the following: 1) the court cannot provide legal advice and *ex parte* communication regarding a case before the court is improper; and 2) the court could provide to Mr. Loneher or anyone who asked copies of the court's prior orders, previously  served on Ms. Wright, which instructed her concerning the straightforward procedural requirement with which she needed to comply.  As a courtesy, the staff of the undersigned also read to Mr. Loneher the language of the December 27, 2004 and February 17, 2005 orders specifically directing Ms. Wright to file a written document in this court no later than March 16, 2005. Defense counsel was immediately advised of both telephonic contacts with Mr. Loneher.  Again, nothing was filed by the March 16, 2005 deadline, and no further telephonic or written contact has occurred to date.

## II.   CONCLUSION AND RECOMMENDATION

In light of Ms. Wright's five previous failures to comply with the straightforward procedural orders of this court, dismissal pursuant to Rule 41(b) is not only appropriate, but overdue.  Accordingly, **IT IS RECOMMENDED HEREIN THAT** plaintiff's complaint be dismissed, with prejudice, for failure to prosecute, and that this case be stricken from the active docket.  In light of the related litigation captioned in this court as "In Re Grant County Detention Center Litigation," courtesy copies of this Report and Recommendation should be served upon all listed counsel in Covington Civil Action Nos. 03-66, 03-103, 03-105, 03-108, 03-124, 03-171, and 04-166.  With respect to Civil Action No. 03-178, the Clerk should once again serve a copy of this R&R upon plaintiff at the address listed in the record and a second copy upon plaintiff at the Grant County Detention Center.

**OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).  Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).  A party may file a response to

7

another party's objections within ten (10) days after being
served with a copy thereof. Fed. R. Civ. P. 72(b)


This ___8___ day of April, 2005

J. GREGORY WEHRMAN
UNITED STATES MAGISTRATE JUDGE

8